**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EMBARCADERO TECHNOLOGIES, INC., | § | |
| *Plaintiff.* | § | |
| | § | **CIVIL ACTION NO. 4:19-cv-570** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| NCR CORPORATION, | § | |
| *Defendant.* | § | **JURY TRIAL REQUESTED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Embarcadero Technologies, Inc., and files this Plaintiff's Complaint for copyright infringement against Defendant NCR Corporation and would respectfully show this Court the following:

**PARTIES**

1.      Plaintiff Embarcadero Technologies, Inc. (hereinafter, "Embarcadero" or "Plaintiff") is a Delaware corporation with its principal place of business at 10801 N. Mopac Expwy., Bldg. 1, Suite 100, Austin, TX 78759, and a place of business within this judicial district at 2950 North Loop Freeway West, Suite 700, Houston, TX 77092.

2.      On information and belief, Defendant NCR Corporation (hereinafter, "NCR" or "Defendant") is a Maryland corporation, with its principal place of business at 864 Spring St NW Atlanta, GA 30308, and an office location within this judicial district at 400, 405 and 408

Technology Parkway, College Station, TX 77845, and a plant within this judicial district at 2215

Sebesta Road, College Station, TX 77845.

3.       On information and belief, NCR may be served with process through its registered

agent, Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, at 211

E. 7th Street, Suite 620, Austin, TX 78701-3136.

## JURISDICTION AND VENUE

4.       This is an action for copyright infringement. This Court has subject matter

jurisdiction pursuant to 28 U.S.C. § 1338(a).

5.       Defendant is subject to this Court's personal jurisdiction at least because

Defendant has minimum contacts with the State of Texas and with this judicial district,

Defendant has purposefully availed itself of the privileges of conducting business in the State of

Texas and within this judicial district, and Defendant regularly conducts business within the State

of Texas and within this judicial district.

6.       Venue in this Court is proper, because with regard to venue for a copyright

infringement claim, section § 1400(a) states that:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights
> or exclusive rights in mask works or designs may be instituted in the district in which the
> defendant or his agent resides or may be found.

## EMBARCADERO AND ITS TECHNOLOGY

7.       Plaintiff, Embarcadero Technologies, Inc. holds United States copyright

registrations for various software offerings, including, but not limited to, Delphi, C++Builder,

RAD Studio and InterBase.

2

8.      Embarcadero's software offerings are used by nearly 50,000 customers and over 3 million users worldwide. Its customers include one of the largest privately-held technology providers in the world.

9.      At issue in this case are Embarcadero's C++ Builder, Delphi and RAD Studio products ("collectively, the Software").

10.     C++ is software developed and licensed by Embarcadero, to provide licensees with the fastest way to write, compile, package and deploy cross-platform native applications (an "App") in C++.  The Software simplifies the App design process, allows for a faster prototype, and thus enables the user to reach more platforms more quickly. The ability to offer the App on more platforms increases revenue-generation opportunities for the Software's licensee.

11.     Delphi is software developed and licensed by Embarcadero, to provide licensees with the fastest way to write, compile, package and deploy cross-platform native applications (an "App") in PASCAL.  The Software simplifies the App design process, allows for a faster prototype, and thus enables the user to reach more platforms more quickly. The ability to offer the App on more platforms increases revenue-generation opportunities for the Software's licensee.

12.     RAD Studio is software developed and licensed by Embarcadero, to provide licensees empowers developers to create high performing Apps for Windows, macOS, iOS, Android and Linux Server, using the same native code base of the user's choice.

13.     Use of the Software requires a user to obtain and register a license with Embarcadero, as well as maintain current user information, in accordance with the respective terms of service and license agreements.

14.     A user may purchase a one-year license subscription to the Software, ranging in cost, depending on different levels of feature-sets and functionality the user desires to access.

15.     A user downloads the Software from the Embarcadero website, and is sent a timed license key, upon agreeing to a trial license, or paying for an annual license.

16.     Upon expiration of the license term (whether a free trial or a paid license), the license key delivered by Embarcadero expires, and the user's access to the Software ceases.

17.     As a courtesy to those in the industry who do not have the financial means to pay for the Software, but who desire to use professional-level developer tools, Embarcadero also offers a Community Edition of C++ Builder ("C++ Builder CE"). C++ Builder CE allows certain individuals, students, and hobbyists to download C++ Builder for free, *if* the user affirms that it meets certain requirements. The user must attest that the license is being obtained for use of C++ Builder CE by: (1) an individual, small business, or organization, (2) with less than $5,000 per year in revenue, and (3) with fewer than five developers.

18.     However, once the individual, business or organization's total revenue reaches $5,000, or its team expands to more than five developers, the license to C++ Builder must be upgraded to a paid license.

19.     Similarly, as a courtesy to those in the industry who do not have the financial means to pay for the Software, but who desire to use professional-level developer tools, Embarcadero also offers a Community Edition of Delphi ("Delphi CE"). Delphi CE allows certain individuals, students, and hobbyists to download Delphi for free, *if* the user affirms that it meets certain requirements. The user must attest that the license is being obtained for use of Delphi CE by: (1) an individual, small business, or organization, (2) with less than $5,000 per year in revenue, and (3) with fewer than five developers.

20. However, once the individual, business or organization's total revenue reaches $5,000, or its team expands to more than five developers, the license to Delphi must be upgraded to a paid license.

21. In order to combat the very conduct at issue in this suit, Embarcadero has embedded the Software with functionality whereby the Software "phones home," in order to validate the license key and facilitate license compliance programs. Through this functionality, Embarcadero is able to track usage to a particular user and location.

22. To use the Software without paying for a license or affirming s/he qualifies for a Community Edition license, a user must actively seek and knowingly obtain a "cracked" license key to input. Embarcadero can distinguish a key that it created for a trial or paid license, versus a "cracked" key.

23. Software cracking is the modification of software to remove or disable features which are considered undesirable by the person cracking the software, especially copy protection features (including protection against the manipulation of software, serial number, hardware key, date checks and disc check). *See generally,*  https://en.wikipedia.org/wiki/Software_cracking.

24. Upon information and belief, users seeking to obtain a "cracked" key often search on websites and forums where black-market software downloads and keys can be obtained.

### THE DEFENDANT AND ITS ILLEGAL USE OF THE TECHNOLOGY

25. Upon information and belief, Defendant NCR Corporation (originally National Cash Register), is an American company that makes self-service kiosks, point-of-sale terminals, automated teller machines, check processing systems, barcode scanners, and business consumables. It considers itself the global leader in ATM software applications and a pioneer in digital banking.

26.     Upon information and belief, Defendant is the number one point-of-sale (POS) software provider for the retail and hospitality industries..

27.     At issue in this lawsuit is Defendant's illegal use of the Software.

28.     Defendant's first recorded illegal use of the Software was May 2, 2018.

29.     With regard to RAD Studio, Embarcadero has evidence of three machines with "cracked" keys that have a computer domain of "corp.ncr.com."

30.     On May 7, 2018, NCR was first provided notice of the illegal use that had occurred as of that date.

31.     In May 10, 2018 correspondence, NCR via its Chief Counsel of Software and Services responded that the use was one employee in Serbia, which was a trial use, and that RAD Studio had been deleted.

32.     On May 11, 2018, it was explained to Chief Counsel of Software and Services that this was not a trial use – that an illegally-obtained "cracked" key had been inputted, and thus, the employee's version did not align with the evidence.

33.     In response, the Chief Counsel of Software and Services referred the matter to NCR's Chief Litigation Counsel, but asserted that "the action at issue was taken by someone in Serbia" and thus, "[t]here is no liability here for NCR."

34.     Upon information and belief, counsel for Embarcadero attempted to contact counsel for NCR to settle this matter three more times, but NCR refused.

35.     Further, upon information and belief, NCR's illegal use of the Software continued, with additional instances at other world-wide NCR facilities.

36.     Embarcadero has evidence of "cracked" key use by Defendant in conjunction with RAD Studio on three of NCR's machines.

37.     On those three machines, Embarcadero has evidence of at least six occasions in which a "cracked" key is used in conjunction with RAD Studio by Defendant.

38.     Additionally, Embarcadero has evidence of illegal use of Delphi CE on six of NCR's machines, wherein free Delphi CE licenses were obtained by Defendant's employees, who wrongfully affirmed they met the Delphi CE license use requirements.

39.     On those six machines, Embarcadero has evidence of forty-seven occasions where the wrongfully-obtained Delphi CE product is being used by Defendant's employees.

40.     Also, Embarcadero has evidence of illegal use of C++ Builder CE on two of NCR's machines, wherein free C++ Builder CE licenses were obtained by Defendant's employees, who wrongfully affirmed they met the C++ Builder CE license use requirements.

41.     On those two machines, Embarcadero has evidence of two occasions where the wrongfully-obtained C++ Builder CE product is being used by Defendant's employees.

42.     As of the date of filing, Embarcadero's evidence shows the last recorded instance of illegal use of the Software by Defendant was January 14, 2019.

## COPYRIGHTS-IN-SUIT

43.     Embarcadero is the owner of six registered United States copyrights covering Delphi CE (collectively, "the Delphi CE Copyrights"). Embarcadero holds right, title and interest to these copyrights.

44.     The registration numbers assigned by the United States Copyright Office for the copyrights-in-suit are: TX0006877932, TX0007925936, TX0007774527, TX0007800771, TX0007920927, and TX0007623076.

45.     Embarcadero is the owner of one registered United States copyrights covering C++ Builder CE (collectively, "the C++ CE Copyright"). Embarcadero holds right, title and interest to this copyright.

46.     The registration numbers assigned by the United States Copyright Office for the copyright-in-suit is: TX0006877898.

47.     Embarcadero is the owner of seventeen registered United States copyrights covering RAD Studio (collectively, "the RAD Studio Copyrights"). Embarcadero holds right, title and interest to these copyrights.

48.     The registration numbers assigned by the United States Copyright Office for the copyrights-in-suit  are:  TX0006877898,  TX0008209891,  TX0006877932,  TX0007302189, TX0007925936,     TX0007319598,     TX0007774527,     TX0008209885,     TX0007459703, TX0007988776,     TX0007800771,     TX0007774527,     TX0007920927,     TX0007800771, TX0007623076, TX0007920927, and TX0007623076.

## **COPYRIGHT INFRINGEMENT**

49.     Embarcadero incorporates the foregoing paragraphs as if fully set forth herein.

50.     "[L]oad[ing] validly copyrighted software onto [a] computer without the owner's permission, then us[ing] the software for the principal purpose for which it was designed" is a form of copyright infringement. *Stenograph LLC v. Bossard Assocs., Inc.*, 144 F.3d 96, 100 (D.C.Cir. 1998); *see also Vault Corp. v. Quaid Software Ltd.*, 847 F.2d 255, 261 (5th Cir. 1988).

51.     On information and belief, Defendant has been and is now infringing the RAD Studio Copyrights through its intentional, unauthorized use of RAD Studio with "cracked" keys.

8

52.     On information and belief, Defendant has been and is now infringing the Delphi CE Copyrights through its intentional use of the Community Edition of Delphi CE, despite its ineligibility to obtain the license for this version.

53.     On information and belief, Defendant has been and is now infringing the C++ Builder Copyright through its intentional use of the Community Edition of C++ Builder, despite its ineligibility to obtain the license for this version.

54.     Embarcadero has been damaged by Defendant's willful infringement of the copyrights-in-suit.

55.     Pursuant to 17 U.S.C. § 504, Embarcadero may seek either actual or statutory damages. If statutory damages are sought, Section 504(c) authorizes the Court to award an amount from \$750 to \$30,000 for each work infringed "as the court considers just," and to increase the per-work-infringed award to \$150,000, "in its discretion," for willful infringements. 17 U.S.C. § 504(c)(2).

**JURY DEMAND**

Plaintiff demands a trial by jury of any and all issues triable of right before a jury

**PRAYER**

WHEREFORE, Plaintiff Embarcadero Technologies, Inc. prays for the following relief against Defendant NCR Corporation:

A.     A judgment in favor of Embarcadero that Defendant has directly infringed the copyrights-in-suit;

B.     A judgment against Defendant under 17 U.S.C. § 504 awarding Embarcadero damages in an amount adequate to compensate Plaintiff for Defendant's willful infringement, together with an award of interest and costs;

9

C.      A judgment and order finding Defendant to pay Embarcadero damages for

Defendant's infringement of Embarcadero's copyrights-in-suit, together with

interest (both pre-and post-judgment), attorney's fees, costs and disbursements as

fixed by this Court under 17 U.S.C. § 505; and,

D.      Such other and further relief in law or in equity to which Embarcadero may be justly

entitled.

Date: February 19, 2019                          Respectfully submitted,

                                                 **JONES & SPROSS PLLC**

                                                 /s/ *Jennifer Brown Trillsch*
                                                 Jennifer Brown Trillsch
                                                 Texas Bar No. 24045571
                                                 jennifer.trillsch@jonesspross.com
                                                 1605 Lakecliff Hills Ln., Suite 100
                                                 Austin, TX 78732
                                                 Telephone: (281) 747-6020

                                                 ***Attorneys for Plaintiff Embarcadero Technologies, Inc.***

10