IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMBARCADERO TECHNOLOGIES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-570 |
| NCR CORPORATION, | § § | |
| Defendant. | § § § | |

**MEMORANDUM AND OPINION**

Embarcadero Technologies, Inc. has sued NCR Corporation, alleging copyright infringement. (Docket Entry No. 1). On July 2, 2019, soon after the deadline for NCR to answer or to file a responsive motion, Embarcadero requested entry of default. (Docket Entry No. 9). The next day, NCR moved to dismiss for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim. (Docket Entry No. 11). NCR later responded to the motion for entry of default. (Docket Entry No. 13). Embarcadero replied, moved to strike, and responded to the motion to dismiss. (Docket Entry Nos. 13, 14, 15).

Based on the motions, responses, and replies and the applicable law, the court denies the motion to enter default because NCR has shown good cause for its failure to answer, file a responsive motion, or appear before the deadline. (Docket Entry No. 9). The court denies Embarcadero's motion to strike the motion to dismiss, but also denies NCR's motion to dismiss on this record, without prejudice to raising the arguments at a later stage of the litigation. (Docket Entry Nos. 11, 14). The reasons are stated below.

**I.      Background**

Embarcadero Technologies, Inc., holds United States copyrights for software programs it

calls Delphi, C++Builder, RAD Studio, and Interbase. (Docket Entry No. 1 at ¶ 7). Embarcadero's licenses for these software programs require registering with Embarcadero and complying with the service and license agreements. (*Id.* at ¶ 13). Embarcadero sells one-year license subscriptions, allowing purchasers to download the software with a license key for the year. The key expires and cuts off the purchaser's access to the software after the year ends. (*Id.* at ¶¶ 14–16). Embarcadero offers some free versions of C++ Builder and Delphi, but those users are required to attest that they are (1) an individual, small business, or organization, (2) with less than $5,000 per year in revenue, and (3) "with fewer than five developers." (*Id.* at ¶¶ 17, 19).

Embarcadero alleges—on information and belief—that NCR is a Maryland corporation with its principal place of business in Atlanta, Georgia and an office in College Station, Texas. (*Id.* at ¶ 2). NCR is involved in digital banking software and "makes self-service kiosks, point-of-sale terminals, automated teller machines, check processing systems, barcode scanners, and business consumables." (*Id.* at ¶ 25).

Embarcadero alleges that in May 2018, it discovered that three machines with an NCR domain had "cracked" license keys for the RAD Studio software. (*Id.* at ¶¶ 28, 29). A "cracked" key is allegedly a license software key that is modified to remove copyright features and avoid paying for the software. (*Id.* at ¶¶ 22, 23). Embarcadero notified NCR of the illegal use on May 7, 2018. (*Id.* at ¶ 30). NCR allegedly denied liability because "the use was one employee in Serbia." (*Id.* at ¶ 31; *see id.* at ¶¶ 32–34). Embarcadero alleges that the illegal use of the RAD Studio software happened at least six more times, and that it also found evidence of illegal use of Delphi and C++ Builder. (*Id.* at ¶¶ 37–42).

## II. Subject-Matter Jurisdiction

### A. The Legal Standard

"This court is 'duty-bound to examine the basis of subject[-]matter jurisdiction' in all cases before it, whether or not the parties raise the issue." *Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 228 (5th Cir. 2014) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 396 F.3d 457, 460 (5th Cir. 2004)). Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Courts may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986).

The plaintiff has the burden to demonstrate that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1986)); *see Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *Garcia*, 104

F.3d at 1261.

B.     Analysis

Federal courts have jurisdiction over federal copyright claims. 28 U.S.C. § 1338. Embarcadero sued under the federal Copyright Act, 17 U.S.C. § 501 *et seq.* However, NCR argues that this court lacks subject-matter jurisdiction because the alleged copyright violation occurred outside the United States and the Copyright Act does not have extraterritorial effect. (Docket Entry No. 11 at 1 (citing *Palmer v. Braun*, 376 F.3d 1254 (11th Cir. 2004); *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67 (2nd Cir. 1988); *Subafilms Ltd. v. MGM-Pathe Commc'ns, Co.*, 24 F.3d 1088 (9th Cir. 1994); *NDK, Inc. v. Pandora Jewelry, LLC*, No. 3:07-cv-0457, 2008 WL 11350019 (N.D. Tex. July 24, 2008); *Illustro Sys. Int'l, LLC v. Int'l Bus. Machs. Corp.*, No. 3:06-cv-1969, 2007 WL 1321825 (N.D. Tex. May 4, 2007))).

Questions as to where the infringement took place are not jurisdictional. "[T]he Copyright Act's insistence that infringing conduct be domestic offers an essential element of a copyright infringement plaintiff's claim, not of jurisdiction." *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 791 (5th Cir. 2017). "Because the domestic boundary is not 'clearly state[d]' to 'count as jurisdictional,' we 'treat the restriction as nonjurisdictional in character.'" *Id.* (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006)).

The court has subject-matter jurisdiction over this case.

III.   **The Motion for Entry of Default**

A two-step process governs default judgment. FED. R. CIV. P. 55. The plaintiff must first get the court to enter default against the defendant. FED. R. CIV. P. 55(a). The plaintiff then may seek an entry of default judgment. FED. R. CIV. P. 55(b). Here, Embarcadero moves for an entry of default, and NCR opposes that request. (Docket Entry Nos. 9, 12).

4

The deadline to answer or appear was June 11, 2019. A few weeks later, on July 2, Embarcadero requested entry of default against NCR, which had not yet answered or appeared. (Docket Entry No. 9). On July 3, 2019, NCR moved to dismiss the complaint, showing that NCR intends to bring a defense in this case. (Docket Entry No. 11); *see Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989). Although NCR's motion to dismiss was filed 22 days after the responsive deadline, courts decline to enter default or set aside an entry of default under Rule 55(c) if there is "good cause." FED. R. CIV. P. 55(c); *see Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *In re Dierschke*, 975 F.2d 182, 186 (5th Cir. 1992); *see also United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004).

The court finds that entry of default is not appropriate. The Federal Rules of Civil Procedure are aimed at "the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Sun Bank*, 874 F.2d at 276. Courts consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Dierschke*, 975 F.2d at 183 (quoting *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)). When "there are no countervailing equities," such as "a legitimate claim of prejudice that would arise from setting aside the default . . . 'any doubt should, as a general proposition, be resolved in favor of [the defendant] to the end of securing a trial upon the merits.'" *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

A willful default involves a "defendant's 'choosing to play games' with the district court by failing to act on the litigation." *Lacy*, 227 F.3d at 292 (alteration omitted) (quoting *Dierschke*, 975 F.2d at 183). Embarcadero argues that because NCR "readily admits it knew of the suit against

5

it at the time its responsive pleading was due . . . its failure to comply with the Federal Rules of Civil Procedure was willful." (Docket Entry No. 15 at 7). NCR responds that its failure to respond to the summons and complaint was due to a confluence of several events, including Embarcadero's failure to perfect service until after the 90-day deadline to do so under the Federal Rules and NCR's registered agent's inadvertent delay in telling NCR's counsel about the notice. (Docket Entry No. 12 at 12).

NCR's Chief Litigation Counsel, Christopher Murphy, explained that while he was aware that Embarcadero had filed a complaint against NCR in February 2019, and, although he had retained counsel for NCR in the matter in March 2019, no action was taken because Embarcadero did not serve NCR until May 21, 2019, after the 90-day deadline. (Docket Entry No. 12-2 at ¶¶ 4–8). Murphy stated that he informed NCR's counsel as soon as he realized that he had inadvertently missed the deadline for NCR to appear in this litigation. (*Id.* at ¶ 8). NCR offers evidence of emails showing that on July 1, 2019—the day before Embarcadero moved for entry of default—NCR's counsel contacted Embarcadero's counsel about a schedule for the case. (Docket Entry No. 12-1). These acts do not show an attempt to "play games with the district court." The delay in appearing was not willful.

There is also no evidence of any prejudice to Embarcadero from the short delay. A plaintiff is not prejudiced when refusing to enter, or setting aside an entry of, default does "no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp.*, 277 F.2d at 921). Because delay alone is not prejudicial, a "plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). While Embarcadero expresses a concern that NCR's failure to address copyright violations that

Embarcadero brought to its attention means that NCR will not "retain[] documents related to the numerous incidents alleged in the Complaint" or stop ongoing violations, it offers no evidence in support of this allegation. (Docket Entry No. 15 at 8). Embarcadero has shown no prejudice.

NCR argues that the alleged copyright violations are the result of "a single employee of a Serbia-related NCR company [who] had downloaded a program to his personal laptop and had viewed the program on his work computer." (Docket Entry No. 12 at 9 (citing Docket Entry No. 12-2 at ¶ 10)). NCR argues that the violations Embarcadero alleges occurred in Serbia, which, because federal copyright laws do not have extraterritorial effect, means that NCR cannot be held liable for those violations. (*Id.* at 9–11). If NCR can show that the infringing acts took place outside the United States, it may not be liable under federal copyright law. "[T]he Copyright Act has no extraterritorial application." *Geophysical Serv.*, 850 F.3d at 796; *see also Jaso v. Coca Cola Co.*, 537 F. App'x 557, 560 (5th Cir. 2013) (per curiam). Circuit courts that have directly considered the issue have concluded that federal copyright laws do not reach infringing conduct entirely outside the United States. *See, e.g.*, *Subafilms, Ltd.*, 24 F.3d at 1092; *Update Art*, 843 F.2d at 73. *But see Expediters Int'l of Wash., Inc. v. Direct Line Cargo Mgmt. Servs., Inc.*, 995 F. Supp. 468, 476 (D.N.J. 1998) ("[T]he mere authorization of infringing acts abroad constitutes direct infringement and is actionable under United States Copyright Law."); *Curb v. MCA Records, Inc.*, 898 F. Supp. 586, 595 (M.D. Tenn. 19955) (authorizing the release of copyrighted music outside the United States is actionable under federal copyright law). NCR has shown that it has a possibly meritorious defense against Embarcadero.

No default will be entered.

IV. **The Motion to Strike the Motion to Dismiss**

Embarcadero moves to strike NCR's motion to dismiss because it was untimely filed.

(Docket Entry No. 14). A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–58 (5th Cir. 1982). "'[E]ven when technically appropriate and well-founded,' motions to strike are not [to] be granted 'in the absence of a showing of prejudice to the moving party.'" *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (first alteration in original) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004)). Whether to grant or deny a motion to strike is in the trial court's discretion. *E.g.*, *Tarver v. Foret*, No. 95-cv-1192, 1996 WL 3536, at *1 (E.D. La. Jan. 3, 1996).

NCR has shown good cause for its failure to timely move to dismiss and Embarcadero has not shown prejudice if the court considers the motion. The court denies the motion to strike the motion to dismiss. (Docket Entry No. 14).

**V.      The Motion to Dismiss**

    **A.      The Legal Standard**

Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.8(a)(2). A complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quotation marks and alteration omitted).

In considering a motion to dismiss under Rule 12(b)(6), "a district court must limit itself to the contents of the pleadings, including attachments." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The court may also "take judicial notice of matters of public record." *Norris*,

500 F.3d at 461 n.9.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a) ] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend as futile if an amended complaint would fail to state a claim upon which relief could be granted. *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). Whether to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Id.*

**B.     Analysis**

"A claim of copyright infringement has two elements: (1) ownership of a valid copyright; and (2) copying constituent elements of the work that are copyrightable." *Geophysical Serv.*, 850 F.3d at 791. Embarcadero alleges ownership of six registered United States copyrights covering Delphi CE; one registered copyright covering C++ Builder CE; and seventeen copyrights covering RAD Studio. (Docket Entry No. 1 at ¶¶ 43, 45, 47). Embarcadero alleges that NCR illegally used the copyrighted software on several machines on over fifty occasions. (*Id.* at ¶¶ 29–42). NCR argues that Embarcadero has failed to state a claim because the alleged infringing conduct occurred outside the United States, beyond reach of federal copyright law. (Docket Entry No. 11 at 1–2).

Assuming the well-pleaded facts as true, Embarcadero's copyright infringement

allegations are sufficient to state plausible claims against NCR. Although purely extraterritorial conduct is not actionable under federal copyright law, a party may bring a copyright infringement claim if at least part of the offense takes place in the United States. *See, e.g.*, *Geophysical Serv.*, 850 F.3d at 797; *Litecubes, LLC v. N. Light Prods., Inc.*, 523 F.3d 1353, 1371 (Fed. Cir. 2008); *Handshoe v. Perret*, No. 1:15-cv-382-HSO-JCG, 2018 WL 4374188, at *9 n.4 (S.D. Miss. Sept. 13, 2018). Embarcadero argues that NCR "intentionally downloaded [the software] from Embarcadero servers in the United States," such that the infringing conduct took place at least "partially in the United States." (Docket Entry No. 13 at 6). Embarcadero does not allege with specificity where the infringing acts occurred, only that the infringing uses were tied to the "corp.ncr.com" domain or NCR devices. (*See* Docket Entry No. 1 at ¶ 29).

NCR's assertions that the court should dismiss because federal copyright law usually does not reach extraterritorial infringement correctly state the law, but NCR does not point to where in the complaint wholly extraterritorial infringement is alleged. The motion to dismiss, (Docket Entry No. 11), is denied without prejudice to reconsideration at a later stage of the litigation, perhaps after brief and targeted discovery.

## VI. Conclusion

The court denies the motion for entry of default, the motion to strike the motion to dismiss, and the motion to dismiss. (Docket Entry Nos. 9, 11, 14).

SIGNED on August 12, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge